1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES CARL KELLY,                          No.  1:25-cv-00204-SKO (HC)

12                   Petitioner,                **ORDER DIRECTING CLERK OF COURT
                                                TO ASSIGN DISTRICT JUDGE**
13          v.
                                                **FINDINGS AND RECOMMENDATION
14   GOVERNOR GAVIN NEWSOM, et al.,             TO SUMMARILY DISMISS PETITION**

15                   Respondents.               **[21-DAY OBJECTION DEADLINE]**

16

17          Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. §2254.  He filed the instant petition on February 14,

19   2025.  The petition does not challenge the underlying conviction; rather, it presents various

20   claims concerning the conditions of his confinement. For this reason, the Court will recommend it

21   be DISMISSED.

22                                      **DISCUSSION**

23   A.     Preliminary Review of Petition

24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                               1

1  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.
2  2001).

3  B.    Civil Rights Claims

4        Petitioner does not challenge his conviction.  Rather, he complains that his reasonable
5  accommodation requests for law library use were wrongfully denied. A habeas corpus petition is
6  the correct method for a prisoner to challenge the "legality or duration" of his confinement.
7  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475,
8  485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method
9  for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136,
10  141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not cognizable in a
11  federal habeas action and must be dismissed.  Petitioner must seek relief for his complaints by
12  way of a civil rights action.

13        In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a
14  district court has the discretion to construe a habeas petition as a civil rights action under § 1983.
15  However, recharacterization is appropriate only if it is "amenable to conversion on its face,
16  meaning that it names the correct defendants and seeks the correct relief," and only after the
17  petitioner is warned of the consequences of conversion and is provided an opportunity to
18  withdraw or amend the petition.  Id. Here, the Court does not find recharacterization to be
19  appropriate. Petitioner does not name the proper defendants and the claims are not amenable to
20  conversion on their face.  Accordingly, the Court should not exercise its discretion to
21  recharacterize the action.

22        Therefore, the Court will recommend that the action be dismissed and the Clerk of Court
23  be directed to send Petitioner a blank civil rights complaint.

24

25                                **ORDER**

26        IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District
27  Judge to the case.

28

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **February 19, 2025**             */s/ Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE