**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>GOVERNOR GAVIN NEWSOM, et al.,<br><br>　　　　　　Respondents. | Case No. 1:25-cv-0204 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO MAIL PETITIONER A BLANK CIVIL RIGHTS FORMS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 6)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　James Carl Kelly is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and found Petitioner "complains that his reasonable accommodation requests for law library use were wrongfully denied." (Doc. 6 at 2.) The magistrate judge found that "Petitioner does not challenge his conviction," and his "civil rights claims are not cognizable in a federal habeas action." (*Id.*) The magistrate judge determined "Petitioner must seek relief for his complaints by way of a civil rights action." (*Id.*) The magistrate judge recommended the Court dismiss the petition and provide Petitioner with a civil rights complaint form. (*Id.* at 3.)

　　　The Court served the Findings and Recommendations on Petitioner and notified him that

1

any objections were due within 21 days. (Doc. 6.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner requested an extension of time, and the magistrate judge granted an additional 30 days to and including April 13, 2025, to file objections. (Docs. 9, 10.) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 20, 2025 (Doc. 6) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to mail Petitioner blank forms for filing a § 1983 civil rights action.
4. The Clerk of Court is directed to enter judgment and close the case.

5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**April 29, 2025**__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE